Herbert D. Hamm, J.
This is an application made pursuant to article 78 of the Civil Practice Act, by Fred W. Rawe and Albert E. Hawkins, constituting the Erie County Board of Equalization, for an order in the nature of prohibition to restrain the State Board of Equalization and Assessment, Steven Pankow as mayor of the City of Buffalo, and Henry J. De Witt, Jr., as supervisor of the Town of Tonawanda from taking any further proceedings in the matter of the review of the rates of equalization affecting the assessment of real property in the county of Erie for the fiscal year commencing January 1,1955 which county equalization rates have been fixed and determined by the petitioners.
Section 176-a of the Tax Law (L. 1915, ch. 317) in November, 1954 as amended stated (L. 1951, ch. 244): ‘‘ The tax commission shall have power on complaint to review the equalization fixed by the board of supervisors of any county or other lawfully constituted authority. Such complaint shall be brought by filing the complaint in the office of the tax commission within ten days after the delivery of the tax-roll to the collector. Due notice of the hearing on such review shall be given by the commission to the clerk of the board of supervisors of the county, whose duty it shall be to transmit a copy of such notice to the mayor of cities in such county and to each supervisor of the county. In the city of New York such notice shall be given to the secretary of the board of taxes and assessments.”
After the enactment of section 176-a it was provided by section 6 of chapter 304 of the Laws of 1919: ‘ ‘ The mayor of a city in behalf of said city, any supervisor in behalf of their city or town which he wholly or in part represents may appeal to the tax commission from any act or decision of said commission in the equalization of assessments and the correction of assessment rolls. If such appeal is brought in behalf of the town, the majority of the town board of such town; in behalf of the city, the majority of the aldermen or councilmen or board *322 of estimate of said city, shall first consent to the bringing of such appeal.”
The mayor of the City of Buffalo and the supervisor of the Town of Tonawanda in November, 1954 filed complaints under section 176-a. It is the petitioners’ contention that the provisions of the two statutes quoted above are mutually exclusive and that only a taxpayer may complain under section 176-a. This is disputed by the respondents who also maintain further that the petitioners are not parties aggrieved and consequently not entitled to an order in the nature of a writ of prohibition.
As to the petitioners’ first contention the two statutes can stand together and hence any aggrieved persons including the mayor or supervisor of an affected tax district may seek review under section 176-a. Moreover, the petitioning Board of Equalization has performed every duty and completed every requirement within its authority and mandate and is functus officio and hence the petitioners are not aggrieved parties so as to entitle them to maintain this proceeding.
The petition is dismissed and the stay contained in the order to show cause vacated.
Submit order on three days’ notice.